FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ JUL 2 4 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ERNST AUGUSTE,

            Plaintiff,

    — against —

THE CITY OF NEW YORK, ET.AL.,

            Defendants.
----------------------------------------X

**AMENDED MEMORANDUM AND ORDER TO SHOW CAUSE**

11-cv-2691 (SLT) (RLM)

**TOWNES, United States District Judge:**

Ernst Auguste ("Plaintiff"), currently proceeding *pro se*, has filed federal and state claims against the City of New York ("the City"), Officer Frank Beers of the New York Police Department ("NYPD"), and seven unidentified members of the NYPD, alleging, *inter alia*, that the defendant police officers falsely arrested and imprisoned him.

On June 3, 2011, Ernst Auguste ("Plaintiff"), represented by counsel, commenced this action by filing a complaint against the City and seven unidentified members of the NYPD. On August 31, 2011, Plaintiff filed an amended complaint, to which the City answered on October 3, 2011.

By order dated June 13, 2012 Magistrate Judge Roanne L. Mann established a schedule permitting the parties to amend their pleadings and add new parties at any time on or before June 22, 2012. On June 22, 2012 Plaintiff, still represented by counsel, filed his second amended complaint. The second amended complaint again named the City and seven unidentified members of the NYPD as defendants, but additionally named Officer Beers. (Document No. 21.)[1] Having reviewed the docket, the court notes that Beers has not yet been served and has not otherwise appeared in this action.

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

---

[1] The court notes that since filing his second amended complaint, Plaintiff's attorney has been granted leave to withdraw and Plaintiff is currently proceeding *pro se*. (*See* Document No. 30.)

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiff filed his second amended complaint on June 22, 2012. More than 120 days has therefore passed since Plaintiff filed his complaint and Beers has not yet been served. The court therefore provides notice to Plaintiff that his failure to properly serve Beers with the summons and complaint could result in dismissal of the action against him unless, pursuant to Rule 4(m), Plaintiff can demonstrate good cause as to why he has thus far failed to serve him. In evaluating good cause, courts typically require that a plaintiff demonstrate that, despite diligent attempts to effectuate service, service could not be made due to exceptional circumstances beyond his control. *Spinale v. United States*, 2005 WL 659150 at *3 (S.D.N.Y. Mar. 16, 2005); *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). A party seeking a good cause extension bears a heavy burden of proof. *Naglieri v. Valley Stream Central High Sch. Dist.*, 2006 WL 1582144, at *2 (E.D.N.Y. May 26, 2006) (citing *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y. 1984)). Plaintiff is ordered to show cause why Beers has not yet been served no later than August 2, 2013.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff is ordered to show cause why Beers has not yet been served on or before August 2, 2013.

SO ORDERED.

/s/(SLT)

SANDRA L. TOWNES
United States District Judge

Dated: July 18, 2013
Brooklyn, New York

2